■ In the Matter of the Intermediate Accounting of UNITED STATES TRUST COMPANY OF NEW YORK, as Trustee under the Will of CHARLES C. MARSHALL, Deceased, Appellant. CHARLES R. MARSHALL et al., Respondents.— Appeal from a resettled order of the Surrogate's Court, Dutchess County, which granted respondents' motion for a further examination of appellant, pursuant to section 263 of the Surrogate's Court Act concerning the sale of a parcel of real property, a part of the trust corpus. Order reversed, with $10 costs and disbursements, and motion denied. Respondents have had a complete examination, including access to all available material which appellant considered in arriving at its determination to sell the parcel. Wenzel, Acting P. J., MacCrate, Murphy and Ughetta, JJ., concur; Beldock, J., dissents and votes to affirm, with the following memorandum: In 1950, appellant granted a renewal lease of a parcel of property, a part of the trust corpus, to a tenant who agreed to pay a net rental of $60,000 a year for the twenty-one-year period of the lease. In February, 1954, appellant sold the property for a sum

which left a net amount of approximately $504,000 to be reinvested, thus cutting the income of the life tenants to about half of what it would have been if the property had been retained. In June, 1954, appellant filed its intermediate account for a period which included the sale of the property. On December 6, 1954, respondents (life tenants and certain contingent remaindermen) obtained an order for a preliminary examination of appellant under section 263 of the Surrogate's Court Act as to all matters relating to its administration of the trust. Respondents examined appellant's vice-president and assistant vice-president. At the examination of the latter, it appeared that the decision to sell the property was not only that of the witness examined, but also that of appellant's president and two senior vice-presidents. By the order from which the appeal is taken, the Surrogate who is to hear the contemplated objections directed that a further examination of appellant be had of the three officers last mentioned and by the senior officer in its real estate department. In my opinion, the granting of the order was a proper exercise of discretion.